Defendants have appealed from the judgment of the lower court in favor of plaintiff for $154.95, the damage to plaintiff's automobile sustained by reason of a collision thereof with an automobile owned by defendant, Hebert, and insured against liability by defendant, Nola Cabs, Inc.
The only witnesses were plaintiff and the driver of Hebert's taxicab.
Only a question of fact is presented by this appeal. The trial judge gave written reasons for judgment, which so thoroughly set forth his appreciation of the facts and his conclusions that we adopt them as our opinion:
"Plaintiff sues to recover $304.95 property damage to his automobile as a result of a collision which took place between his automobile, which he was driving, and a taxicab owned by the defendants, but operated at the time by one of its colored chauffeurs. The accident took place at the intersection of Gentilly Boulevard and Gentilly or St. Bernard Circle. The Gentilly or St. Bernard Circle in question is rather a large circle with a central circular neutral ground and a circular paved highway encircling it. Approaching the circle from the North is Gentilly Boulevard; from the South is Bayou Road; from the West is DeSaix Boulevard; and from the East St. Bernard Avenue. The locus of the collision was near the neutral ground circle curbing, a short distance to the right of the intersection of Gentilly Boulevard.
"The plaintiff contends that he entered the circle from Bayou Road and was making the turn around the circle at a speed of from five to ten miles an hour, and within ten or fifteen feet of the intersection of Gentilly Boulevard he noticed the taxicab of the defendants approaching the Circle from a distance of about 150 feet. Plaintiff continued in the Circle until he passed Gentilly Boulevard on his way to DeSaix Boulevard. A short distance from the intersection of Gentilly Boulevard his right rear of his automobile was struck by the cab of defendants.
"Defendants' chauffeur testified that he was traveling between fifteen and twenty miles per hour; that he entered the intersection and saw plaintiff's car coming *Page 898 
around the Circle; that he stopped to permit plaintiff's car to pass, but instead of passing him plaintiff's car swerved or skidded into his car. He further testified that plaintiff's car was traveling between 35 and 40 miles per hour. It is hard to believe that Mr. Ray, with his wife in the front seat, traveling around a Circle on a slippery street, would travel 35 to 40 miles an hour. That, indeed, would be suicide.
"Plaintiff testified that he realized for the first time that the car on Gentilly Boulevard, which he had seen a hundred or a hundred and fifty feet away, was about to strike him, was when he heard the screeching of tires. Plaintiff's wife was in the car but she was sitting with her back to the door apparently talking to him, and did not know of the impending collision until it actually took place.
"However, I am satisfied that plaintiff's car reached the intersection of Gentilly Boulevard in advance of the defendants' cab while traveling at a reasonable speed; and that he preempted the intersection of Gentilly Boulevard and the Circle. I also am satisfied that the defendants' cab was being driven at a rate of speed much in excess of the 15 to 20 miles an hour testified to by the colored cab driver. It is more reasonable to believe plaintiff while going around the Circle travelled at a speed of 10 to 15 miles an hour and that the chauffer entering the Circle from a straight-a-way highway would more likely be traveling at 30 to 35 miles per hour.
"Under the circumstances, I must hold that the accident was due solely to the negligence of the defendants' cab driver in not yielding the intersection to the plaintiff which the plaintiff had already preempted, and because the defendants' cab driver was traveling at a speed greatly in excess of the speed that was proper and safe under the circumstances.
"I can only allow the sum of $154.95, the actual expense incurred by plaintiff in having his damaged automobile repaired. The balance of $150.00 is sought to be recovered because the automobile depreciated that much in value as a result of the accident and the repairs. There is no evidence in the record to support this item, and it will be disallowed.
"There will be judgment in favor of plaintiff and against defendants 'in solido' in the sum of $154.95."
The judgment appealed from is affirmed.
Affirmed.
JANVIER, J., takes no part.